UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHAD S. WILLIAMS,

        Petitioner,

  -v-                                                    18-CV-1080V
                                                         ORDER
THE HONORABLE VICTORIA M.
ARGENTO,[1]

        Respondent.
_____

The pro se petitioner, Chad S. Williams, filed this action seeking relief under 28 U.S.C. § 2254. Docket Item 1. Because it appeared that Williams had not exhausted his state court remedies, the Court directed him to show cause why the petition should not be dismissed for failure to exhaust those remedies. Docket Item 7. Williams responded by amending his petition, but the amended petition does not address exhaustion. Docket Item 11. Instead, Williams has simply re-alleged that his conviction in Monroe County Court was obtained unconstitutionally and added that he was violated improperly on the parole term arising from that conviction. *Id.* at 4.

Williams also has filed several motions: one for a decision due to compelling circumstances, Docket Item 8; one to prevent the delay of justice, Docket Item 9; and a second request for an expedited decision, Docket Item 10. And he has filed another

---

[1] Williams has named as the respondent only the judge who presided over his trial. But "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2 of the Rules Governing § 2254 Cases. Williams was directed to name the person having custody of him at present as the respondent. Docket Item 7. He has not done so.

amended petition in which he claims an "actual innocence" exception to the exhaustion requirement.

For the reasons below, the petition is dismissed without prejudice for failure to exhaust.

## **DISCUSSION**

28 U.S.C. § 2254(b)(1)(A) requires a petitioner to exhaust state court remedies for each issue raised in a habeas petition before filing that petition. Here, it appeared from Williams's initial petition that his appeal from his challenged conviction was still pending. In fact, Williams stated that he was convicted on July 7, 2017, Docket Item 1 at 1, and that his appeal was "before the 4th Dept waiting on transcripts," *id.* at 2. Williams also indicated that he had filed collateral attacks against his conviction but that "nothing yet" had come of his application to the New York State Court of Appeals. *Id.* To properly exhaust state court remedies, a petitioner must fairly present his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *e.g.*, *Jordan v. LeFevre*, 206 F.3d 196, 198 (2d Cir. 2000). Williams therefore was directed to show cause why his petition should not be denied for failure to exhaust his state court remedies. Docket Item 7.

Williams's first amended petition does not address exhaustion. Instead, it purports to show "newly discovered evidence showing further constitutional rights violations pertaining to the above case matter." Docket Item 11. Williams "amends this petition based upon a clear violation of petitioner's due process" and alleges that he is "falsely imprisoned" by a parole revocation specialist. *Id.* The first amended petition then repeats the history of the underlying conviction, which was for failure to register as a sex offender,

2

and alleges that Williams is not guilty of that crime. *Id.* at 2. Williams also alleges that he is currently incarcerated for violating the terms and conditions of his parole and that he is not guilty of violating those terms and conditions. *Id.* And he alleges that he was not able to call witnesses at his parole hearing.[2]

The first amended petition addresses this Court's order to show cause only obliquely, perhaps arguing that the exhaustion requirement of § 2254 is unnecessary or illegitimate, that Williams anticipates dismissal, and that he intends to appeal. He says that he "will not continue to beg the administrator to administer justice as he should naturally due to the oath of office." *Id.* at 6. "Mr. Williams will take this matter to the highest court. For it is clear Vilardo has no intentions of allowing justice to prevail." *Id.*

Williams then filed a second amended petition in which he alleges that he qualifies for the actual innocence exception to the exhaustion requirement. Docket Item 12. More specifically, Williams argues that he falls into the exception discussed in *Murray v. Carrier*, 477 U.S. 478 (1986), and *Schlup v. Dale*, 513 U.S. 298 (1995), permitting a habeas petitioner to present unexhausted arguments to federal courts if the petitioner can show that he is actually innocent of the crime of which he was convicted. Because Williams's second amended petition was filed in response to the order to show cause, this Court accepts the second amended petition as another response regarding the requirement that he exhaust his state court remedies.

The exhaustion requirement is simple and well established:

---

[2] These issues appear to relate to a preliminary parole hearing, as Williams attaches a notice rescheduling his final parole revocation hearing from March 6, 2019, to March 27, 2019. Docket Item 11 at 10. He filed his amended petition in response to this Court's order to show cause between those two dates, on March 14, 2019. To the extent that Williams intends to raise a new challenge regarding the conduct of his parole hearing(s), he is advised to file a new petition after first exhausting his state court remedies. *See Speringo v. McLaughlin*, 202 F. Supp. 2d 178, 189 (S.D.N.Y. 2002) (addressing the need to show exhaustion regarding new allegations in a petition).

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan*, 526 U.S. at 845. "In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (internal quotation and citation omitted).

Williams argues that under *Murray* and *Schlup*, *supra*, his claim of actual innocence permits him to bypass the requirement that he exhaust his state court remedies. He is incorrect. The actual innocence exception is designed to preserve habeas review for a petitioner who exhausted his state court remedies but neglected to preserve certain issues, not to give license to any prisoner claiming actual innocence to bypass the exhaustion requirement.

*Murray* dealt with a habeas petitioner who faced a procedural bar because, although he had exhausted his state court remedies, he failed on his direct appeal to raise the issues raised in his habeas petition.

> A State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack. The important role of appellate procedural rules is aptly captured by the Court's description in *Reed v. Ross*[, 468 U.S. 1 (1984),] of the purposes served by the procedural rule at issue there, which required the defendant initially to raise his legal claims on appeal rather than on postconviction review.

*Murray*, 477 U.S. at 490. In *Schlup*, too, the petitioner wanted to present issues in a habeas petition that he had failed to raise and preserve in the state court appellate process. "Schlup's claim of innocence is thus not itself a constitutional claim, but instead

4

a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315.

Nothing in the petition or in any amended petition indicates that Williams has taken the steps necessary to exhaust state court remedies as to any issue. Indeed, it is clear from the initial petition that Williams's state court appeal is still pending. Therefore, none of his claims had been properly exhausted. And none of Williams's submissions to this Court provide any information even suggesting otherwise.

Williams does not face the procedural bar addressed in *Murray* and *Schlup* where the petitioners completed the appeals process and thus exhausted state court remedies but failed to raise the issues in their petition before the state courts. Here, Williams still has every opportunity through his direct appeal in the state court system to raise the issues he raises in his habeas petition. His actual innocence claim is therefore irrelevant to the requirement that he first exhaust his state court remedies before proceeding under 28 U.S.C. § 2254. As this Court has noted:

> actual innocence does not negate the requirement that state courts be given a chance to consider an issue before a federal court does. In other words, a showing of actual innocence may excuse a petitioner's failure to bring a habeas claim within the limitations period, but it will not excuse the failure to exhaust state court remedies. While there is no Second Circuit decision that directly addresses the possibility of an 'actual innocence' exception to the exhaustion requirement, other courts have held that while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies.

*Ashby v. Stallone*, 16-CV-608(LJV), 2017 WL 2686453, at *4 (W.D.N.Y. June 21, 2017) (internal quotation marks omitted).

Unless available state court remedies have been exhausted for the claims in a petition, this Court cannot grant a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court. The writ "shall not be granted unless it appears

5

that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Despite being directed to do so, Williams has not shown that he has exhausted his state court remedies, nor has he shown that remedies are unavailable or ineffective. Indeed, it appears that Williams is still pursuing his appeal in state court.

Because Williams has not exhausted his state court remedies, his petition is dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A). This dismissal is without prejudice and does not constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b). Therefore, it does not preclude the filing of another petition once Williams has properly exhausted his state court remedies.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Williams must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

Williams's other motions, Docket Items 8, 9, and 10, are denied as moot.

SO ORDERED.

DATED:     <u>May 15</u>, 2019
              Buffalo, NY

                                          <u>*s/ Lawrence J. Vilardo*</u>
                                          Lawrence J. Vilardo
                                          United States District Judge